[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15373
_____

D.C. Docket No. 1:11-cv-00426-LTW


A.K.
by and through her parent, E.K.,
E.K.,

                    Plaintiffs - Appellants,

versus

GWINNETT COUNTY SCHOOL DISTRICT,

                    Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 14, 2014)

Before TJOFLAT and WILSON, Circuit Judges, and BUCKLEW,[*] District Judge.

PER CURIAM:

A.K., by and through her father, E.K., appeals the district court's affirmance of the administrative law judge's (ALJ) dismissal of E.K.'s due process complaint and its finding that the Gwinnett County School District (GCSD) provided A.K. with a free and appropriate public education (FAPE) under the Individuals with Disabilities Education Act (IDEA). E.K. also appeals the district court's dismissal of his other claims. After a careful review of the parties' briefs and the record, we affirm the district court's judgment.

## I.

E.K. filed a due process complaint under IDEA on October 2, 2009, alleging improper identification of A.K.'s disability, negligent evaluation of A.K., and improper placement of A.K. in a severe intellectual disability class. The parties reached a settlement agreement resolving the matter on October 7, 2009, which, *inter alia*, provided that A.K. would remain in a moderate autism spectrum disorder classroom. E.K. subsequently withdrew the complaint. On February 18, 2010, A.K.'s parents and GCSD met to discuss A.K.'s individualized education program (IEP). E.K. informed GCSD that A.K. was taking nutritional supplements every forty-five minutes and requested that A.K. be provided home-based services

---

[*] Honorable Susan C. Bucklew, United States District Judge for the Middle District of Florida, sitting by designation.

2

for three months (the duration of the regimen) so that she could be provided the diet in a low-stress environment. Although GCSD offered to provide the diet to A.K. in school, it acceded to E.K.'s request to provide in-home services until the end of the school year.

When the parties met again on May 14, 2010, GCSD suggested extended school year services in the home and a switch to in-school placement for the 2010–11 school year. A.K.'s parents requested that in-home schooling be continued and rejected a modified plan that would place A.K. in school for two hours per day and in her home for three. After another meeting on August 13, 2010, A.K.'s parents once again rejected the modified placement. E.K. then filed a second due process complaint on August 17, 2010. E.K. asserted that A.K. needed in-home schooling so that she could maintain her strict diet. An ALJ with the Georgia Office of State Administrative Hearings conducted a hearing and granted GCSD's motion to dismiss for E.K.'s failure to meet the burden of proof. E.K. filed an action in state court, which GCSD removed to the District Court for the Northern District of Georgia. E.K. subsequently filed motions to admit evidence not previously considered by the ALJ. The district court granted GCSD's motion for judgment on the administrative record and denied E.K.'s motion for relief from judgment on order on September 26, 2012, concluding that GCSD offered A.K. FAPE. E.K. filed a notice of appeal on October 11, 2012, but missed the deadline to file his

appellate brief and record excerpts.  We granted E.K.'s motion to vacate the dismissal and reinstate the appeal on February 11, 2013.

## II.

Whether an IEP provides a child with FAPE "is a mixed question of law and fact subject to *de novo* review."  *Draper v. Atlanta Ind. Sch. Dist.*, 518 F.3d 1275, 1284 (11th Cir. 2008).

To determine whether the IDEA requirement for a FAPE is met, we inquire (1) whether the school district complied with the procedures set forth in the act; and (2) whether the IEP was reasonably calculated to enable the child to receive educational benefit in the least restrictive environment (LRE).  *Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206–07, 102 S. Ct. 3034, 3051 (1982).  "If these requirements are met, the State has complied with the obligations imposed by Congress and the courts can require no more."  *Id.* at 207, 102 S. Ct. at 3051.  E.K.'s complaint is not procedural; he argues that placement in school is improper.  Thus, we must decide whether the IEP was reasonably calculated to enable A.K. to receive educational benefit in the LRE.  In determining whether the IEP is substantively adequate, we "pay great deference to the educators who develop the IEP."  *Todd D. by Robert D. v. Andrews*, 933 F.2d 1576, 1581 (11th Cir. 1991).  The IEP is not meant to provide the absolute maximum benefit to the child, *Rowley*, 458 U.S. at 198, 102 S. Ct. at 3046, but is

4

instead required only to provide "the basic floor of opportunity" to the child, *Andrews*, 933 F.2d at 1581 (internal quotation marks omitted).

The IEP here met IDEA's substantive requirements. The dispute arose when, during planning of the IEP for the 2010–11 school year, GCSD recommended placing A.K. in a severe autism classroom. A.K.'s parents disagreed with the in-school placement and demanded in-home schooling. The LRE requirement of IDEA, though, aims to educate disabled children in the classroom with their non-disabled peers:

> To the maximum extent appropriate, children with disabilities, including children in public or private institutions or other care facilities, are educated with children who are not disabled, and special classes, separate schooling, or other removal of children with disabilities from the regular educational environment occurs only when the nature or severity of the disability of a child is such that education in regular classes with the use of supplementary aids and services cannot be achieved satisfactorily.

20 U.S.C. § 1412(a)(5)(A). It seems clear, then, that the statute favors reintegrating children into the school setting, where they can socially interact with other children. *See Dep't of Educ., Haw. v. Katherine D. ex rel. Kevin and Roberta D.*, 727 F.2d 809, 817 (9th Cir. 1983) ("The congressional preference for educating handicapped children in classrooms with their peers is made unmistakably clear in section [1412(a)(5)(A)]."). The district court correctly concluded that E.K. did not present evidence justifying in-home schooling. A.K.'s strict diet was not prescribed by a medical doctor, she does not have a life-

5

threatening condition, and she is not under the regular care of a medical doctor. Most importantly, though, E.K. provides no evidence that GCSD will be unable to adequately supply A.K. with her special diet. In fact, the evidence actually shows that A.K. would be best served by reintegrating her into the school setting where she can practice social interaction with her peers.

E.K. sought to admit additional evidence in support of his due process complaint and request for in-home schooling. The district court, however, relied on the administrative record without admitting additional evidence. While the IDEA instructs that a district court "shall hear additional evidence at the request of a party," 20 U.S.C. § 1415(i)(2)(C)(ii), "[t]he determination of what is 'additional' evidence must be left to the discretion of the trial court which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo," *Walker Cnty. Sch. Dist. v. Bennett ex rel. Bennett*, 203 F.3d 1293, 1298 (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 791 (1st Cir. 1984)). The district court concluded that additional evidence would be irrelevant or cumulative. E.K. gives us no reason to question that conclusion, so we cannot say that the district court abused its discretion.

E.K. brought additional claims against GCSD for various torts. IDEA requires claims brought pursuant to it, the ADA, § 504, or the Constitution to be exhausted in state administrative proceedings. *M.T.V. v. DeKalb Cnty. Sch. Dist.*,

6

446 F.3d 1153, 1157–58 (11th Cir. 2006). At the administrative hearing, the ALJ properly examined only the issues raised. E.K. raised only identification, evaluation, and educational placement in the due process complaint. The fraud and 42 U.S.C. § 1983 claims were raised in the district court for the first time, and the court properly declined to consider those claims because they had not been administratively exhausted. On appeal, E.K. failed to raise identification and evaluation in his brief, and those claims are therefore abandoned. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004). Because these claims have not been administratively exhausted, we cannot consider them in addition to E.K.'s allegation that A.K. was not offered FAPE.

For the foregoing reasons, we affirm the judgment of the district court granting GCSD's motion for judgment on the administrative record and dismissing E.K.'s motion for relief from judgment on order.

**AFFIRMED.**